09-3620-ag
Ni v. Holder

BIA
A070 703 365

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of October, two thousand ten.

PRESENT:
GUIDO CALABRESI,
PETER W. HALL,
DENNY CHIN,
*Circuit Judges.*

_____

ZHOU SUN NI,
      *Petitioner,*

      v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

09-3620-ag
NAC

| | |
|---|---|
| FOR PETITIONER: | Galab B. Dhungana, New York, New York. |
| FOR RESPONDENT: | Tony West, Assistant Attorney General, Civil Division; Jennifer J. Keeney, Senior Litigation Counsel, Office of Immigration Litigation; Matthew B. George, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Zhou Sun Ni, a native and citizen of the People's Republic of China, seeks review of a July 28, 2009, order of the BIA denying his motion to reopen his removal proceedings. *In re Zhou Sun Ni*, No. A 070 703 365 (B.I.A. July 28, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). Ni's motion to reopen – filed over six years after the BIA issued a final order in his case – was untimely. However, there is no time limitation if the alien establishes materially "changed circumstances arising in the country of nationality if such evidence . . . was not available . . . at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

Although Ni argues that his former wife's testimony will corroborate his own prior testimony that he was forcibly sterilized and was not previously available, the BIA properly noted that such evidence does not establish a change in country conditions, as required under 8 C.F.R. § 1003.2(c)(3)(ii). Thus, the BIA did not abuse its discretion in denying Ni's motion to reopen. *See Ali*, 448 at 517.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2